Filed 2/26/21  P. v. Mann CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092098 |
| v. | (Super. Ct. No. CRF1901461) |
| NATHAN LOUIS MANN, SR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Nathan Louis Mann, Sr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant and Christie were married for 20 years.  As a result of defendant using controlled substances, Christie left their home to stay with friends.  On August 8, 2019, she returned home and asked defendant to leave; she wanted to live there.  Angry, defendant approached Christie from behind, grabbed her neck, pulled her to the ground, and threatened to kill her.

Christie got her footing and went outside to the back porch.  Defendant followed her and again forced her to the ground.  Christie told defendant she was calling the police,

1

so he tried to take her phone. Christie yelled for someone to call the police and sprayed defendant with pepper spray. Defendant bit the back of her head and said he would "kill her one day." They both got off the ground but then defendant grabbed the hose and began spraying Christie with water. Defendant's girlfriend soon arrived and he left with her.

The People subsequently charged defendant with dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1)), domestic violence (Pen. Code, § 273.5, subd. (a)), and willfully obstructing the use of a wireless communication device with the intent to prevent use of the device to summon assistance or notify law enforcement (Pen. Code, § 591.5).

Defendant pleaded no contest to dissuading a witness and domestic violence. In exchange for his plea, the trial court deferred judgment and sentencing for one year and released him on his own recognizance. During that year, defendant was required to obey all laws and complete a 52-week domestic violence program. If defendant satisfied those requirements, his conviction for domestic violence would be dismissed and he would be placed on probation for his remaining conviction. If defendant failed to meet the requirements, his conviction for dissuading a witness would be dismissed and defendant would be sentenced "straight up" on his conviction for domestic violence.

In September 2019, defendant failed to appear for a review hearing and a warrant issued. At the next review hearing in November 2019, defendant informed the trial court he had yet to participate in the domestic violence program. He asked for a continuance to allow him to enroll; the People opposed his request. In December 2019, defendant failed to appear at another review hearing. His release was revoked and a no-bail arrest warrant issued.

On February 18, 2020, the trial court denied defendant's request for release on his own recognizance so that he could complete the domestic violence program. The trial court advised defendant that, consistent with the plea agreement, defendant would be

2

sentenced on his conviction for domestic violence and his conviction for dissuading a witness would be dismissed. Defendant was immediately taken into custody.

On March 30, 2020, the trial court denied defendant's request for probation and dismissed defendant's conviction for dissuading a witness. The trial court sentenced defendant to the low term of two years on his domestic violence conviction, awarded him 121 days of custody credit, and ordered him to pay various fines and fees. Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
RAYE, P. J.


_____/S/_____
DUARTE, J.